UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EILEEN LADOLCE,

    Plaintiff,

v.       Case No: 8:22-cv-1651-UAM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff Eileen LaDolce seeks judicial review of the denial of her claim for a period of disability and disability insurance benefits. For the following reasons, the decision of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

### A. Procedural Background

Plaintiff filed an application for a period of disability and disability insurance benefits on July 14, 2020. (Tr. 214–20.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 77–102.) Plaintiff then requested an administrative hearing. (Tr. 136–37.) Upon Plaintiff's request, the Administrative Law Judge (ALJ) held a hearing at which Plaintiff appeared and testified. (Tr. 24–52.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not

disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 7–23.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–6.) Plaintiff then timely filed a complaint with this court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). Before the court are Plaintiff's brief in opposition to the Commissioner's decision (Dkt. 13), Defendant's brief in support of the Commissioner's decision (Dkt. 14), and Plaintiff's reply brief (Dkt. 15).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1961, claimed disability beginning on January 10, 2020. (Tr. 77, 94.) Plaintiff has earned a general equivalency diploma (GED) (Tr. 31) and has past relevant work as a salesperson (horticultural and nursery products), retail salesclerk, and retail supervisor. (Tr. 18, 47–48.) Plaintiff alleged disability due to fibromyalgia, arthritis, osteoarthritis, plantar fasciitis, eczema on her arms, depression, hypothyroidism, and back issues. (Tr. 78, 94.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since January 10, 2020, the alleged onset date. (Tr. 12.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: lumbar degenerative joint/disc disease and fibromyalgia. (Tr. 12.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14.) The ALJ then concluded that Plaintiff retained a

residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1467(b) except that Plaintiff:

> can lift and/or carry 20 pounds occasionally and she can lift and/or carry 10 pounds frequently; she can stand and/or walk 6 hours in an 8-hour workday and sit 6 hours in an 8-hour workday; she may never climb ladders, ropes, or scaffolds; she can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; and she must avoid concentrated exposure to extreme cold, extreme heat, and hazards.

(Tr. 14.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 16.)

Considering Plaintiff's noted impairments, RFC, and the assessment of a vocational expert (VE), however, the ALJ determined that Plaintiff could perform her past relevant work. (Tr. 18.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 18.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less

than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience.  20 C.F.R. § 416.920(a).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal

- 4 -

standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision and argues that the ALJ erred in evaluating the opinions of two of Plaintiff's treating medical providers. (Dkt. 13.) Specifically, Plaintiff argues that (1) it was improper for the ALJ to find the opinions

only partially persuasive based only on objective medical evidence because the opinions were based in part on Plaintiff's fibromyalgia, and (2) the ALJ's decision did not address evidence in the record from other medical sources that supported the opinions. (*Id.* at 3–8.) For the following reasons, remand is warranted.

Under the regulations in effect when Plaintiff filed her claims, the ALJ was required to "consider the persuasiveness of all medical opinions and evaluate them primarily on the basis of supportability and consistency." *Mackey v. Saul*, No. 2:18-cv-2379-MGL-MGB, 2020 WL 376995, at *4 n.2 (D.S.C. Jan 6, 2020); 20 C.F.R. § 404.1520c; *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 898 (11th Cir. 2022) (affirming that new regulations eliminated treating physician rule and apply to applications filed on or after March 27, 2017). While there are several factors that the ALJ must consider in evaluating medical opinion evidence, the "most important factors" are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). "Supportability" refers to the principle that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). "Consistency" refers to the principle that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2). The regulations require that the ALJ "explain how [he] considered

the supportability and consistency factors for a medical source's medical opinions," and the ALJ must therefore analyze whether the medical source's opinion is (1) supported by the source's own records and (2) consistent with the other evidence of record.  20 C.F.R. § 404.1520c(b)(2); *Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted,* 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021).

Plaintiff argues that the ALJ erred in considering medical opinions from Dr. Ernesto Rodriguez-Velazquez and Advanced Practice Registered Nurse (APRN) Deborah Collura.  (Dkt. 13 at 3–8.)  Dr. Rodriguez-Velazquez authored an opinion dated August 19, 2020 stating that Plaintiff "is unable to perform pushing, pulling, or lifting over 10 [pounds] [and] also is unable to stoop, bend, climb or sit for extended periods of time due to her lumbago/fibromyalgia."  (Tr. 533.)  APRN Collura authored an opinion dated August 4, 2020 stating that Plaintiff "is unable to perform lifting, pushing, pulling, or carrying over 10 lbs [and] is unable to climb, stoop, [or] bend due to disc protrusion in the lumbar spine."  (Tr. 534.)

The ALJ considered both opinions in rendering the decision.  (Tr. 15.)  With respect to Dr. Rodriguez-Velazquez's opinion, the ALJ found the opinion to be "partially persuasive" because

> [s]uch extreme limitations suggested by Dr. Rodriguez-Vela[z]quez were not supported by his own treatment history.  Although examination notes consistently indicated diffuse tenderness, trigger points, and pain with motion, the claimant was noted for full strength of all extremities, intact deep tendon reflexes, normal motor of all extremities, no wrist/foot drop, normal sensory, and negative SLT[.]

(Tr. 15) (citing generally to Dr. Rodriguez-Velazquez's treatment notes within Tr. 551–625).)  With respect to APRN Collura's opinion, the ALJ similarly found the opinion to be "partially persuasive" because

> [s]uch extreme limitations suggested by Deborah Collura were not supported by her own treatment history.  Her examination notes consistently indicated no costovertebral back tenderness, no neurological deficits, normal balance, and normal gait/stance.  There was no notation of musculoskeletal deficits[.]

(Tr. 15 (generally citing APRN Collura's treatment notes within Tr. 551–625).)

Plaintiff argues that because the opinions were based on Plaintiff's fibromyalgia, the ALJ was required to rely on more than objective medical evidence to discount them, and that the ALJ failed to consider other evidence in the record that was consistent with Dr. Rodriguez-Velazquez's and APRN Collura's opinions. (Dkt. 13 at 3–8.)  Defendant responds that substantial evidence supports the ALJ's finding that Dr. Rodriguez-Velazquez's and APRN Collura's opinions were not supported by their own examination findings, and that the ALJ "properly found the opinions were only partially persuasive because they were inconsistent with other evidence." (Dkt. 14 at 4–11.)  Upon consideration, the court agrees with Plaintiff.

As discussed above, the ALJ was required to articulate his analysis of the supportability and consistency of the medical opinions.  *See* 20 C.F.R. § 404.1520c(b)(2).  However, within the decision, the ALJ only considered whether Dr. Rodriguez-Velazquez's and APRN Collura's opinions were supported by their own treatment of Plaintiff and provided no analysis of whether these opinions were consistent with the other evidence of record, including Plaintiff's activities of daily

living, her conservative treatment, and the other medical evidence of record. *See* (Tr. 15.)

The ALJ's consideration of the opinions therefore fails to comply with the applicable regulations and is not supported by substantial evidence. *See, e.g.*, *Vicente v. Comm'r of Soc. Sec.*, No. 6:22-cv-01057-LHP, 2023 WL 2864407, at *5 (M.D. Fla. Apr. 10, 2023) (reversing and remanding where "the ALJ completely failed to address the consistency factor and whether [medical provider's] opinion was inconsistent with the remainder of the record"); *Ingram v. Kijakazi*, No. 8:21-cv-2274-CPT, 2023 WL 2674703, at *5 (M.D. Fla. Mar. 29, 2023) ("Nowhere in the ALJ's analysis of Dr. Fazio's findings did he properly evaluate one of the most important persuasiveness factors, consistency."); *Brown v. Comm'r of Soc. Sec.*, No. 6:20-cv-840-GJK, 2021 WL 2917562, at *4 (M.D. Fla. July 12, 2021) ("[T]he ALJ must consider those opinions, assess their persuasiveness, and *explain* his decision, particularly with respect to supportability and consistency.") (citing *Michael v. Saul*, No. 2:20-cv-238, 2021 WL 1811736, at *11 (N.D. Ind. May 6, 2021) ("the ALJ cannot merely summarize the evidence, as a whole, and then conclude that [medical] opinions are not consistent with the evidence as a whole. Rather, the ALJ must build a logical analytical bridge explaining what particular evidence undermined [the medical] opinions and why.")). Although Defendant argues that the ALJ properly considered the consistency factor and summarizes evidence potentially inconsistent with the opinions in her brief, the ALJ's decision fails to reference the consistency factor or this evidence in its discussion of Dr. Rodriguez-Velazquez's and APRN Collura's opinions and the court cannot

accept counsel's post-hoc rationalizations for the ALJ's decision. *See Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 872 (11th Cir. 2012) ("[The court] cannot affirm based on a post hoc rationale that 'might have supported the ALJ's conclusion.'") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). As written, the ALJ's decision fails to properly consider the opinions of Dr. Rodriguez-Velazquez and APRN Collura in accordance with the applicable regulations and is due to be remanded for further consideration of the evidence.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons:

1. The decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings consistent with this order.

2. The Clerk of Court is directed to enter final judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Tampa, Florida, on August 31, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record